No. 95-1093

Michael C. Liddell, a minor,        *
by Minnie Liddell, his mother       *
and next friend; Kendra             *
Liddell, a minor, by Minnie         *
Liddell, her mother and next        *
friend; Minnie Liddell;             *
Roderick D. LeGrand, a minor        *
by Lois LeGrand, his mother         *
and next friend; Lois LeGrand;      *
Clodis Yarber, a minor, by          *
Samuel Yarber, his father and       *
next friend; Samuel Yarber;         *
Earline Caldwell; Lillie            *
Caldwell; Gwendolyn Daniels;        *
National Association for the        *
Advancement of Colored People;      *
United States of America; City      *
of St. Louis;                       *
                                    *
                  Plaintiffs;       *
                                    *
       v.                           *
                                    *
Board of Education of the City      *
of St. Louis;                       *
                                    *
          Defendant-Appellee;       *
                                    *
John P. Mahoney, President,         *
Board of Education of the           *
City of St. Louis; Penelope         *
Alcott, a member of the Board       *
of Education; Marjorie R.           *
Smith, a member of the Board        *
of Education; Earl E. Nance,        *
Jr., a member of the Board of       *
Education; Thomas F. Bugel, a       *
member of the Board of Educa-       *
tion; Louis P. Fister, a member     *
of the Board of Education;          *
Nancy L. Hagan, a member of         *
the Board of Education; Earl P.     *
Holt, III, a member of the          *
Board of Education; Shirley M.      *
Kiel, a member of the Board of      *
Education; Gwendolyn A. Moore,      *

a member of the Board of          *
Education; Dr. Joyce M.           *
Thomas, a member of the Board     *
of Education; Rufus Young, Jr.;   *
Julius C. Dix; David J. Mahan,    *
Interim Superintendent of         *
Schools; Ronald Leggett, St.      *
Louis Collector of Revenue;       *
                                  *
                Defendants;       *
                                  *
State of Missouri; Mel            *
Carnahan, Governor of the         *
State of Missouri; Jeremiah W.    *
(Jay) Nixon, Attorney General;    *
Bob Holden, Treasurer; Richard    *
A. Hanson, Commissioner of        *
Administration; Robert E.         *
Bartman, Commissioner of          *
Education; Missouri State         *
Board of Education, and its       *
members; Thomas R. Davis;         *
Gary M. Cunningham; Sharon M.     *   Appeal from the United States
Williams; Peter F. Herschend;     *   District Court for the
Jacqueline D. Wellington;         *   Eastern District of Missouri.
Betty E. Preston; Russell V.      *
Thompson;                         *
                                  *
        Defendants-Appellants;    *
                                  *
Special School District of        *
St. Louis County; Affton Board    *
of Education; Bayless Board of    *
Education; Brentwood Board of     *
Education; Clayton Board of       *
Education; Ferguson-Florissant    *
Board of Education; Hancock       *
Place Board of Education;         *
Hazelwood Board of Education;     *
Jennings Board of Education;      *
Kirkwood Board of Education;      *
Ladue Board of Education;         *
Lindbergh Board of Education;     *
Maplewood-Richmond Heights        *
Board of Education; Mehlville     *
Board of Education; Normandy      *
Board of Education; Parkway       *
Board of Education; Pattonville   *
Board of Education; Ritenour      *
Board of Education; Riverview     *
Gardens Board of Education;       *
Rockwood Board of Education;      *

2

University City Board of             *
Education; Valley Park Board of      *
Education; Webster Groves Board      *
of Education; Wellston Board of      *
Education; St. Louis County;         *
Buzz Westfall, County                *
Executive; James Baker,              *
Director of Administration, St.      *
Louis County, Missouri; Robert       *
H. Peterson, Collector of St.        *
Louis County "Contract               *
Account," St. Louis County,          *
Missouri;                            *
                                     *
              Defendants;            *
                                     *
St. Louis Teachers' Union,           *
Local 420, AFT, AFL-CIO;             *
                                     *
              Intervenor.            *

Submitted:  November 16, 1995

Filed:  January 12, 1996

Before MCMILLIAN, HEANEY, and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

The State of Missouri appeals an order to reimburse the Board of Education of the City of St. Louis (the Board) for attorneys' fees and expenses. Prior to the order, the district court had rejected a previous request by the Board for attorneys' fees and expenses. That request was based on a claim that the Board was entitled to the fees as a prevailing party. The Board appealed that order. While the case was pending before this court, the Board made a second request for the same fees and expenses based on a theory that the fees were part of site acquisition costs. We hold that the Board's notice of appeal of the first order transferred jurisdiction of this issue from the district court to this court. Once that appeal was filed, the district court had no

3

continuing jurisdiction to entertain motions with respect to the particular fees and expenses in question. Therefore, we vacate the district court's second order.

BACKGROUND

In 1988, the United States District Court for the Eastern District of Missouri authorized the construction of an investigative learning center magnet school (Science ILC) as part of its initial Magnet Order, L(2090)88. Liddell v. Board of Educ., 696 F. Supp. 444, 461, (E.D. Mo. 1988), aff'd, 907 F.2d 823 (8th Cir. 1990) (Liddell XIX). The original magnet budget allocated 71.5% to the State of Missouri, but failed to include an allocation for the Science ILC site acquisition. This court approved the one-time capital funding budget with the proviso that an amount should be added for the Science ILC site purchase. Liddell XIX, 907 F.2d at 825. In a series of orders following Liddell XIX, the district court defined site acquisition costs to include demolition, (Order G(455)93), environmental testing and clean-up costs, (Order G(866)93), as well as fees associated with the land transfer such as title fees, survey costs, closing costs, and appraisal charges, (Order G(1225)94).

On February 1, 1994, the Board filed a motion for an award of attorneys' fees and expenses relating to the Science ILC and other schools. It claimed that, as a prevailing party, it was entitled to reimbursement of attorneys' fees pursuant to 42 U.S.C. § 1988. The attorneys' fees requested were broken down as follows:

| | |
|---|---|
| Attorneys' Fees for Science ILC site acquisition | $100,189.50 |
| Expenses for Science ILC site acquisition | $ 4,675.65 |
| Attorneys' Fees for other schools | $ 49,946.50 |
| Expenses for other schools | $ 1,382.90 |
| TOTAL | $156,194.55 |

4

On May 26, 1994, the district court denied the Board's motion. (Memorandum and Order G(1205)94 (May Order)). The Board filed a notice of appeal on July 21, 1994. Appellate jurisdiction was predicated on 28 U.S.C. § 1291 (appeal from final judgment).

Meanwhile, on April 26, 1994, the Board notified the district court that it had expended $4.5 million on the acquisition of the Science ILC site. The Board requested that the state reimburse it $3,267,850 (71.5%) of those costs. Attorneys' fees and expenses were not included in the Board's site acquisition cost request. The Board explained that "[n]o amounts have been included for attorneys' fees at the present time, which in large part are covered in a separate pending motion." (Motion in Support of Interim Motion at 4 n.3). On June 10, 1994, the district court granted the Board's motion. (Order G(1225)94).

On August 16, 1994, the Board filed a new motion in which it requested state reimbursement for attorneys' fees and expenses ($104,865.15) related to the acquisition of the Science ILC. The fees and expenses in this request were based on the same work for which fees were denied by the May Order, but characterized as site acquisition costs, rather than as fees of a prevailing party. On October 4, 1994, the district court granted the Board's motion. (Order G(1349)94 (October Order)). The district court found that the fees and expenses were part of the site allocation costs, and therefore, subject to the 71.5% state allocation. Finding that the hours worked by the Board's attorneys were excessive, however, the district court reduced the fees requested by 25%. On February 15, 1995, this court granted the Board's voluntary motion for dismissal of its appeal from the May Order.

DISCUSSION

Once appealed, issues before an appellate court should not be undermined or altered. As a general rule:

5

> a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court or its control over those aspects of the case involved in the appeal.

Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Subsequent proceedings in the district court are ordinarily ineffective. 9 James W. Moore et al., Moore's Federal Practice ¶ 203.11, at 3-47 (2d ed. 1995). In response to this general rule, the Board proffers two arguments: i) the general rule does not apply in this instance because this case involves ongoing district court supervision and ii) the issue decided by the October Order was distinct from the issue decided by the May Order and, therefore, not divested from the district court's jurisdiction. We reject both contentions.

First, as this court pointed out in prior Liddell litigation, an exception from the general rule of jurisdictional divestiture is appropriate "in the kinds of cases where the court supervises a continuing course of conduct and where as new facts develop additional supervisory action by the court is required." 936 F.2d 993, 996 (8th Cir. 1991) (quoting Hoffman v. Beer Drivers & Salesmen's Local Union No. 888, 536 F.2d 1268, 1276 (9th Cir. 1976)). Moreover, we stated that in such cases, "an appeal from a supervisory order does not divest the district court of jurisdiction to continue its supervision, even though in the course of that supervision the court acts upon or modifies the order from which the appeal is taken." Id. The Board would have us extend this exception to include every district court order that arises in the context of ongoing supervision. Given the important concerns represented in the general rule of limiting jurisdiction over a case to a single court at any given time, such an expansion of this exception would be ill conceived.

6

Instead, we must examine the nature of the particular order to determine whether there is a need to depart from the norm. The issue presented is whether the Board is entitled to reimbursement for a specific set of attorneys' fees. Notably, this is not an instance of injunctive relief concerning ongoing conduct; the issue decided by the May Order required no further action by the district court. Cf. Donovan v. Mazzola, 761 F.2d 1411, 1415 (9th Cir. 1985). Thus, we see no reason in this instance to depart from the general rule of divesting the district court of jurisdiction. Clearly, this decision is limited to the specific fees in question and does not impugn the district court's jurisdiction with respect to its ongoing supervision.

Second, the Board argues that the October Order decided an issue distinct from that decided by the May Order: "The only issue addressed by the May 26 Order was whether the Board was entitled to attorneys' fees . . . [as] a prevailing plaintiff." Appellee Br. at 8. We disagree. This narrow definition of the term "issue" would eviscerate the function of the general divestiture rule. Moreover, it stands in stark contrast to the commonly-held understanding that multiple claims arising out of the same nucleus of operative fact, or the same factual predicate, are really the same `cause of action.' See Ruple v. City of Vermillion, 714 F.2d 860, 861 (8th Cir. 1983), cert. denied, 465 U.S. 1029 (1984).

The issue presented to the district court in the February motion was whether the Board was entitled to recover the fees in question from the State of Missouri. The Board based its February claim of entitlement on 42 U.S.C. § 1988. The district court held that the Board was not so entitled. The Board appealed that decision. Now the Board makes the same claim, but under a different theory. "[T]here is no reason to give a claimant more than one chance to present the substance of his or her case." Id. Appellee's assertions regarding the scope of issues on appeal are

7

contrary to principles of res judicata and ordered judicial proceedings.

The district court determined that the Board was not entitled to attorneys' fees. That decision was appealed as a final judgment. Once the notice of appeal was filed, the district court had no jurisdiction to reconsider its prior decision. When the appeal was dismissed, the district court's May Order became final. As a result, we do not have jurisdiction by which to review the merits of that decision.

Therefore, we vacate the district court's October Order.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

8